**CONSOLIDATED GOLD FIELDS PLC, Gold Fields Mining Corporation, Plaintiffs–Appellees–Cross–Appellants,**

**Newmont Mining Corporation, Newmont Gold Company, Plaintiffs–Appellees,**

v.

**MINORCO, S.A., Defendant–Appellant–Cross–Appellee,**

**Anglo American Corporation of South Africa Limited and De Beers Consolidated Mines Limited, Defendants.**

**Nos. 88–7932, 88–7934.**

United States Court of Appeals, Second Circuit.

April 17, 1989.

Before FEINBERG, NEWMAN and ALTIMATI, Circuit Judges.

ORDER

A request having been received from the Securities and Exchange Commission, appearing as *amicus curiae,* to correct the opinion filed on March 22, 1989, and responding papers having been submitted by plaintiffs-appellees-cross-appellants, it is hereby ORDERED that the opinion is amended only to the following extent:

871 F.2d 252 at p. 263, 1st col. lines 8 and 9 from bottom, delete "to abstain from granting a remedy for reasons of international comity." and substitute the following:

to abstain, for reasons of international comity, from enjoining the tender offer worldwide pending corrective disclosure.[7]

---

[7] The Commission's *amicus* brief expressed the view that certain other remedies, such as a requirement of corrective disclosure, would have a narrower extraterritorial effect than the remedy of an injunction pending corrective disclosure. The Commission took no position on such other remedies. If the disclosure is to be informative at a meaningful time, it is not readily apparent why the Commission perceives a difference between an injunction pending disclosure and a disclosure requirement.